IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL D. RIVORD                                              OPINION and
and SUSANNE RIVORD,                                              ORDER

                      Plaintiffs,

                                                                               07-C-323-C

     v.

UNION SECURITY LIFE
INSURANCE COMPANY,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action was filed initially in the Circuit Court for Douglas County, Wisconsin on February 22, 2007. In their complaint, plaintiffs Michael and Susanne Rivord contended that defendant Union Security Life Insurance Company breached its contract to pay certain of plaintiffs' $1002.23 monthly mortgage payments under a policy of insurance for disability benefits that plaintiffs bought from defendant. In addition, plaintiffs alleged that defendant's failure to make timely payments violated the duty of good faith and fair dealing it owed plaintiffs. Plaintiffs requested relief in the nature of an unspecified amount of consequential damages resulting from defendant's alleged breach of contract and bad faith, attorney fees and punitive damages "in an amount to be determined at trial."

1

On June 14, 2007, four months after the complaint was filed, defendant removed plaintiffs' case to this court, invoking diversity jurisdiction. Acknowledging that ordinarily a notice of removal must be filed within thirty days of the date a defendant is served with the plaintiff's complaint, 28 U.S.C. § 1446(a), defendant explained that removal was proper under § 1446(b), which states in relevant part,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendant contends that it could not discern from the complaint that plaintiffs were seeking damages in excess of $75,000. However, on June 7, 2007, it received a letter from plaintiff's counsel dated June 5, 2007, that it considers to be an "other paper" under § 1446(b). In the letter, plaintiff's counsel states,

> With regard to Question 13, "Damages Calculation," the Plaintiff believes that the entire policy of $80,000 should be paid at this time. In addition, we are handling this matter on a contingent fee basis of one-third. It would be necessary, therefore, for the Defendant to pay in addition to the $80,000.00, one-third of the $80,000.00 in order for Mr. Rivord to be made whole. The actual costs so far are $355.40. Punitive damages owed by the Defendant obviously cannot be determined until the total conduct of the Defendant has been determined. This is an ongoing matter as long as they refuse to make payments on the mortgage, they are exhibiting a total willful disregard of Mr. Rivord's rights. The length of time that this goes on will definitely affect the amount of punitive damages.

2

The burden of showing that federal jurisdiction exists falls on the party seeking a federal forum. Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). The law requires a removing party to come forth at the time of removal with "competent proof" establishing "to a reasonable probability" that the amount in controversy exceeds $75,000, Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (1996) (quoting Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995)), and, if defendant is proceeding under § 1446(b), to show why it could not have removed the case earlier.

Defendant has been aware since it was served with plaintiffs' complaint that plaintiffs are seeking compensatory and punitive damages for an unspecified number of unpaid or untimely paid monthly mortgage payments of $1,002.23 and late fees in the amount of at least $421.21. The parties' "joint report of planning meeting & joint statement" filed in this case established that defendant had paid plaintiffs' mortgage payments immediately following plaintiff Michael Rivord's disabling injury in late February 2002 until July 2006. (At that time, according to defendant, plaintiffs failed to provide it with an updated medical statement from Rivord's physician establishing that he remained disabled.) Thus, as of the time plaintiff's complaint was filed in February 2007, defendant could have assumed that, in addition to attorney fees and punitive damages, plaintiffs were seeking compensatory

3

damages totaling approximately $8,000 in mortgage payments (at $1022.23 a month for the eight months from July 2006 until February 2007), plus at least $421.21 in late fees. Presumably, defendant assessed the situation when it was served and concluded that, even if punitive damages and attorney fees were included, plaintiffs' damages would not exceed $75,000.

The only new information concerning damages contained in plaintiffs' counsel's June 5, 2007 letter is counsel's assertion that plaintiffs want "at this time" the face value of plaintiffs' insurance policy in the amount of $80,000. Defendant contends that this demand for payment constitutes competent proof that the amount in controversy exceeds $75,000. However, the face value of a policy of insurance is not a proper measure of the amount in controversy unless the validity of the policy itself is in dispute, as opposed to the insurer's obligation to pay. Hawkins v. Aid Association for Lutherans, 338 F.3d 801, 805 (7th Cir. 2003). Where, as appears to be the situation here, the validity of the policy is not in dispute, a removing party may not use the future benefits payable under the policy to compute the sum in controversy for jurisdictional purposes. Keck v. Fidelity & Casualty Co. of New York, 359 F.2d 840, 841 (7th Cir. 1966). Therefore, plaintiffs' counsel's assertion that plaintiffs want the full amount of the policy "at this time" is not enough to trigger defendant's utilization of § 1446(b)'s exception to the 30-day removal period.

Because defendant cannot rely on § 1446(b)'s exception to the 30-day removal

4

period, I conclude that removal is improper. Therefore, I will remand this case to state court on this court's own motion. In doing so, however, I note one additional flaw in defendant's assertion of diversity jurisdiction.

Diversity jurisdiction requires not only that the amount in controversy exceed $75,000, but that the plaintiffs and defendant are citizens of different states. 28 U.S.C. § 1332. In its notice of removal, defendant asserted that the parties have diverse citizenship. However, in alleging its own citizenship, defendant described the location of its principal place of business only. It did not provide information relating to its state of incorporation, as § 1332(c)(1) requires. Thus, even if defendant's removal of this action had been timely under § 1446(b), it would have been necessary to obtain further information from defendant regarding its citizenship so as to insure that it was diverse from plaintiffs'.

ORDER

IT IS ORDERED that on this court's own motion, this case is REMANDED to the Circuit Court for Douglas County, Wisconsin, because defendant's removal under 28 U.S.C.

§ 1446(b) is not proper and removal under § 1446(a) is untimely.

Entered this 31st day of October, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge